UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
TONY H. CARROLL, on behalf of himself and all other
persons similarly situated,

                Plaintiff,                         **COMPLAINT**

   -against-

AMICO CORPORATION,                           *Class Action*

                Defendant.
-------------------------------------------------------------------------X   *Jury Trial Demanded*

      Plaintiff, TONY H. CARROLL ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, AMICO CORPORATION ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

      1.    Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendant who worked in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violations of New York Labor Law § 191 and § 195(1) ("New York Labor Law"). Plaintiff seeks injunctive and declaratory relief, liquidated damages, attorneys' fees and costs and other appropriate relief pursuant to New York Labor Law § 198.

      2.    Plaintiff also brings this action against Defendant to remedy discrimination in employment in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and the New York State Human Rights Law, N.Y. Executive Law §290 et seq. (hereinafter ("NYSHRL"). Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, attorneys' fees and other appropriate relief.

3. Defendant is a manufacturer of medical equipment and hardware. Plaintiff was employed by Defendant as an hourly-paid manual worker.

4. At all relevant times, Defendant compensated Plaintiff and all other hourly-paid employees who worked as forklift operators, machine operators, inventory clerks warehouse workers, and maintenance technicians in the State of New York on a bi-weekly basis in violation of New York Labor Law, Article 6, §§ 191.

5. Defendant failed to properly pay Plaintiff and other hourly-paid Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned. Thus, Defendant failed to provide timely wages to Plaintiffs and all other similar Manual Workers.

6. Plaintiff brings this action on behalf of himself and all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 191, 195. ("NYLL").

7. Managers and others with executive positions who are paid fixed salaries are not members of the classes that Plaintiff seeks to represent in this action.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

9. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

11. Plaintiff is a resident of the County of Suffolk and State of New York.

12. Defendant is a foreign corporation with corporate headquarters located 85 Fulton Way, Richmond Hill, Ontario, Canada.

13. Plaintiff was an "employee" within the meaning of New York Labor Law § 190(2) and a "manual worker" within the meaning of New York Labor Law § 190(4).

14. Defendant is an "employer" within the meaning of New York Labor Law § 190(3).

## FACTUAL ALLEGATIONS

15. Plaintiff is an African-American black male.

16. Plaintiff was employed by Defendant as an hourly-paid, manual worker who worked as a forklift operator.

17. Plaintiff's job duties required standing for extended periods of time, lifting, bending, stooping, climbing, twisting and turning.

18. During the six years prior to the commencement of this action until the present, Plaintiff and other Class Members spent more than twenty-five percent of their hours worked each week performing manual tasks.

19. During the six years prior to the commencement of this action, Defendant failed to pay Plaintiff and similarly situated persons who have worked in hourly-paid positions as machine operators, inventory clerks warehouse workers, and maintenance technicians in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned" as required by New York Labor Law § 191. Instead, Defendant paid Plaintiff and similarly situated persons who have worked in hourly-paid positions as

inventory clerks warehouse workers, and maintenance technicians on a bi-weekly basis pursuant to its payroll policy in violation of New York Labor Law § 191.

20. Plaintiff is entitled to liquidated damages equal to the amount of the wages that were delayed pursuant to New York Labor Law § 198(1-a).

21. Defendant failed to provide Plaintiff with notice of this wage rate and the basis of pay upon hire as required by New York Labor Law § 195(1).

22. Throughout his employment at Amico, Plaintiff was subject to racially disparaging remarks made by Defendant's Head of Operations. By way of example only, when he observed Plaintiff exert himself while performing physically strenuous tasks, the Head of Operations asked, "*What's the matter? I thought you guys were used to picking cotton*!"

23. The Head of Operations mocked Plaintiff by referring to him as "*Rerun*," a demeaning reference to a black character on a television show.

24. The racial harassment and hostile work environment resulted in the constructive discharge of Plaintiff's employment.

25. As a direct result of Defendant's discriminatory conduct, Plaintiff suffered embarrassment, humiliation, emotional pain and mental anguish.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

26. Plaintiffs bring New York Labor Law claims on behalf of themselves and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant in hourly-paid positions such inventory clerks warehouse workers, and maintenance technicians in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

27. Upon information and belief, Defendant employed persons who worked in various positions including, but not limited to, persons who worked as inventory clerks warehouse workers, and maintenance technicians.

28. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. Upon information and belief, there are more than 1,000 of Class Members who have worked for Defendant in hourly-paid positions such as inventory clerks warehouse workers, and maintenance technicians in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

29. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are least 40 individuals who are currently, or have been, employed by Defendant in hourly-paid inventory clerks warehouse workers, and maintenance technician positions at any time during the six (6) years prior to the filing of the initial Complaint.

30. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of

New York Labor Law section 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

31. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

32. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

33. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

34. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

35. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The

adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant. Moreover, the issues in this action can be decided by means of common, class-wide proof.

36. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

37. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

38. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**FREQUENCY OF PAYMENT VIOLATION**

39. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

40. Plaintiff and Class Members are manual workers as defined by the New York Labor Law.

41. Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

42. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of New York Labor Law § 191.

43. Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

### SECOND CLAIM FOR RELIEF
### RACIAL DISCRIMINATION SECTION 1981

44. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

45. By the acts and practices described above, Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of 42 U.S.C. Section 1981.

46. As a result of Defendant's discrimination, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

47. The conduct of Defendant was done in conscious disregard of Plaintiff's rights warranting an award of punitive damages.

### THIRD CLAIM FOR RELIEF
### RACIAL DISCRIMINATION HUMAN RIGHTS LAW

48. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

49. By the acts and practices described above, Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of race in violation of the New York State Human Rights Law.

50. As a result of Defendant's discrimination, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

51. The conduct of Defendants was done in conscious disregard of Plaintiff's rights warranting an award of punitive damages.

## DEMAND FOR JURY TRIAL

52. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(ii.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iii.) Issuance of a declaratory judgment that the practices complained of in this Amended Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(iv.) Damages pursuant to NYLL § 198;

(v.) Damages pursuant to 42 U.S.C. §1981 and the State Human Rights Law;

(vi.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vii.) Pre-judgment and post-judgment interest as permitted by law; and

(viii.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       November 29, 2021

                              LAW OFFICE OF PETER A. ROMERO PLLC

                By:    */s Peter A. Romero*

                              Peter A. Romero, Esq.
                              490 Wheeler Road, Suite 250
                              Hauppauge, New York 11788
                              Tel. (631) 257-5588
                              promero@romerolawny.com

                              *Attorneys for Plaintiff*